IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL LEE VANCE | : | |
| | : | No. 4:08-CV-1185 |
| Plaintiff, | : | |
| | : | (District Judge John E. Jones III) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**February 5, 2009**

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This matter is before the Court on the report (the "R&R") of Magistrate

Judge J. Andrew Smyser that recommends the dismissal of the complaint filed by

Plaintiff Russell Lee Vance ("Plaintiff" or "Vance"), an inmate at the State

Correctional Institution, Fayette ("SCI-Fayette"), pursuant to Federal Rule of Civil

Procedure 12(b)(6). (Rec. Doc. 15). Subsequent to the filing of the R&R, Vance

filed objections thereto, (Rec. Doc. 17), and the Defendants filed a response to

those objections. (Rec. Doc. 18). For the reasons set forth below, the Court will

adopt the Magistrate Judge's recommendation and deny the Plaintiff's objections

thereto.

## I.   PROCEDURAL HISTORY

The Plaintiff commenced the instant action against the Board on November 26, 2007 in the United States District Court for the Eastern District of Pennsylvania. (See generally Compl.).  The Board filed a Motion to Dismiss the Complaint (the "Motion to Dismiss") on April 28, 2008. (Rec. Doc. 7).  The case was ultimately transferred to the Untied States District Court for the Middle District of Pennsylvania on May 15, 2008 by the Honorable Thomas N. O'Neill, Jr. (Rec. Doc. 10).  After the Motion to Dismiss became fully ripe, Magistrate Judge Andrew Smyser entered the above-referenced R&R, which dismissed the Complaint for failure to state a claim. (Rec. Doc. 15).[1]  Having received Plaintiff's objections and Defendant's response thereto, the issue is now ripe for disposition.

## II.   STANDARD OF REVIEW

### A.   REVIEW OF THE R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. §

---

[1] In the initial Complaint, Vance named only one Defendant, the Pennsylvania Board of Probation and Parole (the "Defendant" or the "Board"). (Rec. Doc. 1).  However, one day prior to the filing of Magistrate Judge's R&R, Vance filed a Motion to Amend the Complaint ("Motion to Amend"), seeking to add an additional defendant. (Rec. Doc. 16). Additionally, after the filing of the R&R, Plaintiff lodged a Motion to Compel. (Rec. Doc. 19).  These motions will be disposed of herein.

636(b)(1); <u>United States v. Raddatz</u>, 447 U.S. 667, 674-75 (1980).  The court may

accept, reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations.  <u>Id.</u>  Although the standard of review is *de novo*, 28 U.S.C. §

636(b)(1) permits whatever reliance the district court, in the exercise of sound

discretion, chooses to place on a magistrate judge's proposed findings and

recommendations.  <u>Raddatz</u>, 447 U.S. at 674-75; <u>see</u> <u>also</u> <u>Mathews v. Weber</u>, 423

U.S. 261, 275 (1976); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

**B.**   **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF**

   **CIVIL PROCEDURE 12(b)(6)**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept

all factual allegations as true, construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>,

515 F.3d 224, 231 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d

361, 374 n.7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain

a short and plain statement of the claim showing that the pleader is entitled to

relief, "in order to give the defendant fair notice of what the claim is and the

grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965.   A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief", and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232 (citing Twombly, 127 S. Ct. at 1965 n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965, 1969 n.8.   Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965 n. 3).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 127 S. Ct. 1964-65, 1969 n.8).   Rule 8

"does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

## III.   STATEMENT OF FACTS

Vance is presently incarcerated at SCI-Fayette serving a life sentence. (Compl. p. 4).  Plaintiff filed the instant Complaint alleging a violation of 42 U.S.C. § 1983 ("§ 1983").[2]  In support of this claim, Plaintiff asserts that he was deprived of his federal rights[3] when the Board refused to interview him for parole. The crux of Plaintiff's claims seems to be that he should be entitled to a parole interview because he was sentenced to "life plus two and a half (2.5) to five (5)

---

[2] 42 U.S.C. § 1983 states, in pertinent part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.

"Notwithstanding its broad language, § 1983 does not create substantive rights; rather, it merely provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws.  Thus, the initial question in a § 1983 action is 'whether the plaintiff has alleged the deprivation of a constitutional right at all." Estate of Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003).

[3] While the Complaint does not contain an averment regarding what federally protected rights the Board violated, Plaintiff's objections to the R&R make clear that he bases his § 1983 action on violations of the following: the Declaration of Independence and the First, Fifth, Eighth, and Fourteenth Amendments to the federal Constitution. (Rec. Doc. 17 p. 3).

years," not "life without parole." (Id. p. 4-5).[4] Pursuant to this claim, Plaintiff requests the following relief: (I) evidentiary hearing;[5] (II) an immediate parole interview; (III) $23 million in compensatory damages; and (IV) $23 million in punitive damages. (Id.).

## A.   THE REPORT AND RECOMMENDATION

In dismissing Plaintiff's § 1983 Complaint, the Magistrate Judge was undoubtedly aware that "a Pennsylvania prisoner who has been sentenced to life in prison has no eligibility for parole." (Rec. Doc. 15 p. 3) (citing 61 P.S. § 332.21(a) (1998)). Magistrate Judge Smyser noted that the Plaintiff's only argument, which was unsupported by authority, was that state prisoners sentenced to terms of life imprisonment have a federal right to parole review. (Id.). Since Vance admitted he was sentenced to life imprisonment, and since he did not refute the statutory exception to parole eligibility applicable to life prisoner's, Magistrate Judge Smyser granted the Motion to Dismiss.

## B.   PLAINTIFF'S OBJECTIONS TO THE R&R

---

[4] Plaintiff was convicted of first degree murder and possession of an instrument of crime. (Rec. Doc. 14 p. 5).

[5] Plaintiff does not specify the subject of the evidentiary hearing.

Plaintiff believes that his right to receive a parole hearing is secured by the Declaration of Independence,[6] as interpreted through the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Rec. Doc. 17 p. 3). In essence, he requests that we construe the penumbra of those amendments to coalesce and create a right to the pursuit of happiness. In support thereof, Vance interposes numerous *non sequiturs*. First, he claims that death row prisoners are granted "the pursuit of happiness" in that they are permitted to take college courses while on death row. (Id. p. 4). Further, and without citation, he claims that Charles Manson receives interviews for parole even though the California parole board realizes that he will never be granted the same. (Id.). Finally, he concludes that federal prisoners have more clearly defined "parole interview rights" than he receives in the Commonwealth of Pennsylvania. (Id.).

## IV.   DISCUSSION

As noted in the Magistrate Judge's R&R, Pennsylvania law precludes a life prisoner in the state prison system from becoming eligible for parole. See 61 P.S. § 332.21(a). It appears to us that the Magistrate Judge based his recommendation of dismissal entirely upon this statute. Unlike the learned Magistrate Judge, we do not

---

[6] More specifically, the Plaintiff believes that his inalienable right to the pursuit of happiness secures his right to a parole hearing.

7

view the existence of this statute as the *sine qua non* as it relates to the issue of Plaintiff's right to parole. Indeed, the existence of this statute merely denotes that the denial of parole to state life prisoners is in accordance with *state law*; that statute nonetheless may be inimical to *federal law* and *federally secured rights*. However, while we do not precisely ascribe to the Magistrate Judge's reasoning, we do concur with his ultimate conclusion that the instant Complaint should be dismissed.

As Defendant notes in its brief in opposition to Plaintiff's objections, there is no federal authority that can support Plaintiff's contention that an inmate sentenced to life imprisonment in the Commonwealth of Pennsylvania must be interviewed for parole. Plaintiff has not provided any authority, nor can we find any, indicating that denying parole to a state prisoner sentenced to life imprisonment pursuant to a first degree murder conviction violates any of the Constitutional Amendments invoked in the instant Complaint. In fact, our review of the law leads us to the opposite conclusion.

Contrary to Plaintiff's argument, there is authority in the Third Circuit for the proposition that "[t]here is no question that a life sentence for first-degree murder does not violate the Eighth Amendment." Edwards v. Pa. Bd. of Prob. & Parole, 523 F.Supp.2d 462, 469 (E.D. Pa. 2007) (construing Pennsylvania law,

which denies parole to those sentenced to life imprisonment) (citing Government of the Virgin Islands v. Gereau, 592 F.2d 192 (3d Cir. 1979)). Additionally, the Fourteenth Amendment does not provide that every prisoner has a right to be paroled or to an expectation of parole. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); Bd. Of Pardons v. Allen, 482 U.S. 369, 373 (presence of parole system alone does not create a protected liberty interest in parole).[7] Finally, we cannot locate any authority for the proposition that life without parole impinges upon an inmate's First Amendment rights to free speech, freedom of religion, freedom of the press, freedom of association, or freedom to petition the Government for a redress of his grievances.

It is clear from the foregoing that sentencing a defendant to life without parole does not violate the federal Constitution under the present facts. In the case *sub judice*, the Plaintiff claims that he was only sentenced to "life plus two and half to five years," not "life without parole." However, in Pennsylvania "life means life without parole." See Com. v. Williams, 863 A.2d 505, 253 (Pa. 2004).

---

[7] Although these cases specifically address the Due Process Clause of the Fourteenth Amendment, we believe that they are equally applicable to the Due Process Clause of the Fifth Amendment.

Consequently, his sentence of "life plus two and a half to five years" is equivalent

to "life without parole" and therefore does not violate the federal Constitution

under the instant circumstances.  Since Plaintiff is not entitled to parole, we do not

believe that the Board's refusal to grant him a parole hearing is violative of any

federal right.[8]  Accordingly, we find that the Board has not violated any of

Plaintiff's federally secured rights.  Without any underling federal violation,

Plaintiff's § 1983 claim must be dismissed.

In light of this ruling, Plaintiff's Motion to Compel is moot and is denied on

those grounds.  Additionally, we will deny Plaintiff's Motion to Amend[9] since

joining an additional defendant to this action will not alter the essential fact that

Plaintiff has not experienced a deprivation of federally secured rights.

## V.   CONCLUSION

For the foregoing reasons, the Court will adopt the recommendation of the

Magistrate Judge to dismiss Plaintiff's Complaint, deny Plaintiff's objections

thereto, and deny Plaintiff's Motion to Amend (Rec. Doc. 14) and Motion to

---

[8] Indeed, grating such a hearing would constitute an extravagant waste of time and state resources.

[9] Plaintiff seeks to join as a defendant a "Ms. Payne," who we presume is affiliated with the Board in some way.  Plaintiff claims that Ms. Payne and the Board are responsible for denying his request for a parole hearing.

Compel (Rec. Doc. 19).  An appropriate order in accordance with this memorandum will be entered.